NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHUL MATTA,<br><br>               Plaintiff,<br>    v.<br>ANTER PREET KAUR, HARINDER PAL SINGH, KAMALJIT KAUR, GURINDER SINGH, and ANA PIAZZI TAVARES,<br><br>               Defendants. | Civil Action No.: 2:24-05743<br><br>**Opinion & Order** |

**CECCHI, District Judge.**

Currently before this court is the motion of defendants Anter Preet Kaur, Harinder Pal Singh, Kamaljit Kaur, Gurinder Singh, and Ana Piazzi Tavares (collectively, "Defendants") to dismiss (ECF No. 8, "MTD") pro se plaintiff Rahul Matta's ("Plaintiff") Complaint (ECF No. 1) under Federal Rule of Civil Procedure 12(b)(1). Plaintiff opposed the motion (ECF No. 9, "Pl. Opp.") and Defendants replied (ECF No. 11, "Def. Reply"). Additionally, Plaintiff filed a sur-reply (ECF No. 12, "Pl. Sur-Reply") and Defendants responded (ECF No. 14, "Def. Sur-Sur-Reply"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motion is **GRANTED.**

**WHEREAS** this action arises out of the marriage and pending divorce of Plaintiff and Defendant Anter Preet Kaur. Complaint ¶¶ 11, 20-21. As alleged, Defendant Anter Preet Kaur and Plaintiff were married for approximately two years when Plaintiff filed for Divorce in September 2022. *See id.*

**WHEREAS** Plaintiff's Complaint asserts claims for (i) intentional infliction of emotional distress, (ii) harassment (under N.J.S.A. 2C:33-4), and (iii) civil conspiracy. *Id.* ¶¶ 29-40. Plaintiff also appears to attempt to introduce claims under the Violence Against Women Act (34 U.S.C. §

12361(a), "VAWA") for the first time in his sur-reply. Pl. Sur-Reply at 4-5. However, the Court does not consider these assertions because Plaintiff's "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Dickerson v. N.J. Inst. of Tech.*, No. 19-8344, 2019 WL 6032378, at *6 n.4 (D.N.J. Nov. 14, 2019) (citations omitted).

**WHEREAS** a court on the motion of a party or *sua sponte* must dismiss a claim under Rule 12(b)(1) where it lacks subject matter jurisdiction. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). Generally, "the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)). Further, when addressing subject matter jurisdiction, the court looks only at the allegations in the pleadings and does so in the light most favorable to the non-moving party. *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.,* 473 F.3d 506, 514 (3d Cir. 2007).

**WHEREAS** Plaintiff alleges that this Court has subject matter jurisdiction based on diversity. Complaint ¶ 8. "Diversity jurisdiction exists where there is complete diversity of citizenship between plaintiffs and defendants." *Ben-Haim v. Avraham*, 2016 WL 4621190, at *3 (D.N.J. Sept. 6, 2016) (internal quotations omitted). The federal diversity of citizenship statute provides that:

> [t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between:
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens and subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

>(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
>(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). A "citizen[] of a State" must "both be a citizen of the United States *and* be domiciled within the State." *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989) (emphasis in original). Typically, a citizen of the United States is one who is "born in the United States, and subject to the jurisdiction thereof[,]" 8 U.S.C. § 1401, or is one who applies for and is granted citizenship through the Attorney General of the United States. *See* 8 U.S.C. § 1421; *see also Ben-Haim v. New Israel Fund*, 2017 WL 3105879, at *2 (D.N.J. July 20, 2017). "[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

**WHEREAS** here, like in *Ben-Haim v. Avraham*, "subsections (a)(1), (a)(3), and (a)(4) clearly cannot be the basis for this Court's jurisdiction." 2016 WL 4621190, at *3. Plaintiff alleges that he is not a U.S. citizen, and thus "citizens of different States" are not on both sides of this suit. *See* Complaint ¶ 8; Pl. Opp. at 3. Accordingly, both subsections (a)(1) and (a)(3) are not in play. Subsection (a)(4) is also not applicable because a foreign state is not the plaintiff in this suit. Thus, the only possible basis for this Court's subject matter jurisdiction over this case is 28 U.S.C. § 1332(a)(2).

**WHEREAS** Plaintiff is a citizen of India who resides in New Jersey. Complaint ¶ 1; Pl. Opp. at 3. Although Plaintiff resides in New Jersey, he has not provided enough information for the Court to know whether he is a legal permanent resident of the United States at this time. Complaint ¶ 2. Defendants Anter Preet Kaur and Gurinder Singh are allegedly citizens of both the United States and India. *Id.* ¶¶ 3, 6. Defendant Ana Piazzi is allegedly a citizen of both the United

3

States and Brazil. *Id.* ¶ 7. Because courts determining diversity jurisdiction only consider the American nationality of dual nationals, this court will refer to defendants Anter Preet Kaur, Gurinder Singh, and Ana Piazzi as the "U.S. Citizen Defendants." *Frett-Smith v. Vanterpool*, 511 F.3d 396, 400 (3d Cir. 2008) ("[F]or purposes of diversity jurisdiction, only the American nationality of a dual national is recognized.") Finally, defendants Harinder Pal Singh and Kamaljit Kaur are allegedly citizens of India and legal permanent residents of the United States that reside in New Jersey. *Id*. ¶¶ 4-5. Accordingly, the Court will refer to defendants Harinder Pal Singh and Kamaljit Kaur as the "Foreign National Defendants." In short, Plaintiff, a citizen of India who resides in New Jersey is suing a set of U.S. Defendants and a set of Foreign National Defendants, all of whom reside in New Jersey.

**WHEREAS** diversity is lacking under 28 U.S.C. § 1332 (a)(2) whether Plaintiff is a legal permanent resident or not. If he is a legal permanent resident, then he would be considered domiciled in New Jersey, which is where the U.S. Defendants are also domiciled. *See* Complaint ¶¶ 2, 11, 3-7 (alleging that Plaintiff resides and was married in New Jersey and that all U.S. Defendants are residents of New Jersey); *see also* Pl. Opp. at 3 (arguing that U.S. Defendants are "citizens of New Jersey"). This means that Plaintiff and at least some of the defendants would be domiciled in the same state. Accordingly, in this scenario, diversity would fail under subsection (a)(2). *See* 28 U.S.C. § 1332 (a)(2) (no diversity jurisdiction where action is "between citizens of a State and citizens or subjects of a foreign state *who are lawfully admitted for permanent residence in the United States and are domiciled in the same State*.") (emphasis added).

**WHEREAS** diversity also fails if Plaintiff is not a legal permanent resident because the Foreign National Defendants are likewise citizens of India, which means this suit involves an alien on one side, and aliens and U.S. citizens on the other. *See Dresser Indus., Inc. v. Underwriters at*

*Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997) ("[S]ection 1332(a)(2) only grants jurisdiction in cases between aliens and citizens. Cases between aliens on one side and aliens and citizens on the other, therefore, do not fit the jurisdictional pigeonhole."); *see also Dirauf v. Berger*, 506 F.Supp 3d 254, 264 (D.N.J. 2020) ("Thus, the Third Circuit has been clear that suits, such as this one, in which aliens are on both sides of the dispute, do not fall under the court's (a)(2) diversity jurisdiction."). Plaintiff himself admits that he "is a citizen of India, while Defendants Anter Preet Kaur and Gurinder Singh are citizens of New Jersey, and Defendants Harinder Pal Singh and Kamaljit Kaur are *citizens of India*." Pl. Opp. at 4 (emphasis added). In other words, there are aliens on both sides of this suit so Section 1332(a)(2) does not apply. Therefore, diversity of citizenship is lacking.[1]

Accordingly, **IT IS** on this 11th day of February, 2025,

**ORDERED THAT:**

1. This case is **DISMISSED** for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

2. Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint to attempt to correct the deficiencies identified herein. Insofar as Plaintiff submits an amended complaint, he shall also provide a form of the amended complaint that indicates in what respect it differs from the original complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2).

3. The Clerk of Court is directed to **CLOSE** the file in this matter.

---

[1] Because this Court has determined that diversity jurisdiction is lacking, it need not address the parties' arguments regarding the "exclusion from diversity of domestic relations matters." MTD at 3; Pl. Opp. at 1-3.

**SO ORDERED.**

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**